JOHN MOUSLEY ET AL.
vs.
EDWARD WILSON ET AL.

MARCH TERM, 1849.

[ACT OF 1793, CH. 43.]

THE act of 1793, ch. 43, forbids the restoring the landlord to the possession of the premises, when he is proceeding under that act, only when the title is disputed or claimed by some person, in virtue of a right or title, accrued or happening *since the commencement of the lease.*

[This bill was filed by the complainants, Rachel Mousley, widow of Richard Simpers, his infant children, and heirs at law, and John Mousley, the present husband of Rachel, to obtain an injunction, and the specific performance of a contract alleged to have been made (in writing it was believed) between Edward Wilson, the defendant, and the said Richard Simpers, deceased.

The bill stated, that on the 3d of December, 1842, Richard L. Simpers contracted with Edward Wilson, for the purchase of fifty acres of land in Cecil county, for $1500, to take effect on the 26th of March, 1843 ; that in part payment of the purchase money, he assigned to Wilson three single bills in his favor, which were collected by the latter ; that Wilson being indebted to him on several notes, and on open account, he released him from their payment ; and, that he entered upon the land in pursuance of the agreement, on the 25th of March, 1843, and continued to reside thereon till his death in 1846 ; that his widow, together with his children, continued to reside thereon ; and in the year 1847, (being ignorant of her rights,) she agreed to rent the land from Wilson for one year, at $30 rent ; that notice was given her to quit at the expiration of that time, and on her refusing to do so, steps were being taken, under the act of 1793, ch. 43, to put her and the other complainants out of possession ; and, that Wilson, although offered the balance of the purchase money, (of which a small portion was still due,) on the execution of a deed for the land, had refused to accede to the proposition. An injunction was, accordingly,

granted. The defendant denied the making of the agreement charged in the bill; but admitted the assignment of the single. bill, and the release of the sums which he owed to Simpers. He denied, however, that the assignment and release were for the purpose alleged in the bill. Leave was afterwards obtained by the complainants to take testimony, which having been filed, the case was argued before the Chancellor, on the motion to dissolve the injunction, who delivered his opinion at this term.

As to the effect of the testimony, the Chancellor said :]

THE CHANCELLOR:

It is very clear, I think, from the evidence in this case, taken in conformity with the act of assembly, that at the time stated in the bill, an agreement was made between the late Richard L. Simpers and the defendant, Wilson, for the sale by the latter to the former, of fifty acres of land ; that a part of the money was paid by Simpers in his lifetime, and, that he was in possession of the land, as purchaser, to the period of his death, in the year 1846. Whether the contract was in writing, as the bill alleges, the complainants were informed, is not quite clear ; but, as part performance is alleged and proved, it may not be very material ; as part performance would take the case out of the statute of frauds. *Moale et al.* vs. *Buchanan et al., Gill & Johns.,* 314.

It is said, however, that as the bill in this case alleges that the contract was in writing, it is not competent for the complainants to prove a parol agreement, and ask for its specific execution on the ground of part performance. The allegation, however, is very far from being explicit and positive. It is, that "the agreement was in writing as the complainants have been informed." But this, it is thought, is not the stage at which it would be proper to decide on the admissibility of the proof, upon the ground that the allegations of the bill are not so framed as to let it in ; and the court would certainly not be disposed to adopt a very strict rule in a case like the present,

33*

when the right of minors are involved, suing by their next friend.

Being satisfied that a contract for the sale of the land was made between the parties, either in writing or by parol, and that a part of the purchase money was paid, and possession of the premises held by the vendee under the the purchase, and that, therefore, the merits of the case are with the complainants, it is the duty of the court to interpose for their protection, unless some clear legal principle forbids it.

The case, as has been already remarked, is free from the objection founded upon the statute of frauds, and, I do not think, the technical objection, having reference to the frame of the bill, can so far prevail, at least at this stage of the cause, as to induce the court to dissolve the injunction.

It is very clear, I think, that the heirs at law of Simpers, the vendee, can be in no way prejudiced by the agreement between his widow and this vendor, that she would become his tenant for a part of the premises. The relation of landlord and tenant as between them, can, therefore, have no effect upon the title of the heirs to the aid of this court.

But it is said that the interposition of this court by injunction is rendered unnecessary, and, therefore, improper, by the provisions of the act of 1793, chap. 43, under which the proceeding was instituted. That the complainants may obtain ample redress, if they are entitled to retain possession of the premises, by pursuing the course pointed out by the legislature, without invoking the extraordinary powers of a court of equity.

Upon reference to the act of assembly, however, I am persuaded it will be found that these complainants, the heirs at law of Simpers, are not in a condition to avail themselves of its provisions. The proviso to the act is, "that if the said tenant in possession shall allege, that the title to the said lands," &c., "is disputed or claimed by some other person or persons whom he shall name, in virtue of a right or title accrued or happening since the commencement of said lease, by descent, deed," &c., "and if, thereupon, the person so claiming shall appear, or upon a summons," &c., "shall appear before the said justices, and

shall make oath," &c.; "and shall, with two sufficient sureties, enter into bond to the lessor or lessors, in such sum as the said justices shall think proper, not less than three hundred dollars, to prosecute his, her or their claim to the next county court," &c.; "that then, and not otherwise, the said justices shall forbear to award restitution as aforesaid, of the possession as aforesaid."

It will be seen from this proviso, that the justices are only authorized to forbear restoring the landlord to the possession of the premises when he is proceeding under this act of assembly, when the title is disputed, or claimed by some person, in virtue of a right or title accrued or happening *since the commencement of the lease.* Unless this is the case, that is, unless the tenant can show, or there appear grounds for believing, that the title has vested in some other person, *after commencement* of the lease, the general rule, that a tenant shall not be permitted to dispute the title of his landlord, shall prevail, and he will be made to surrender up the possession.

But in this case, the title of these infant complainants, the heirs at law of Richard L. Simpers, whatever that title may be, did not accrue, or happen after the commencement of this lease, from Wilson to Simpers. Their title accrued upon the death of their father in 1846, and the lease commenced in the spring of 1847, so that the justices could not forbear to award restitution of the possession to the landlord, if his case entitles him to the benefit of the provisions of the act of assembly, as appears to be conceded. The complainants, therefore, even if the tenant should think proper to call them before the justices, could not by any proceeding at law, prevent the possession from being restored. There would, moreover, be another formidable difficulty in the way of these infant complainants. The act of assembly requires them to give bond, with sufficient sureties, to prosecute their claim at the next county court which shall be held in and for said county, thereafter. But these parties, being minors, could not give such bond, and for that reason likewise, could not avail themselves of the benefit of the act.

Thinking, then, that this court has jurisdiction in a case like the present, to enforce the specific execution of this contract, set up in the bill; and that the equity stated for an injunction has not been removed, when the depositions are considered in connection with the pleadings, the injunction will be continued until the hearing, or further order.

[No appeal was taken from this order.]